IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **RICHARD DEAN BRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09-1121 |
| | ) | |
| **STEVENS CORRECTIONAL** | ) | |
| **CENTER,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

On October 14, 2009, Plaintiff, acting *pro se*, filed his letter-form Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) In his letter-form Complaint, Plaintiff alleges that the West Virginia Parole Board is violating his right to Equal Protection by refusing to release him on parole with a "home plan with the Giltinan Center in Charleston, West Virginia." (<u>Id.</u>, p. 1.) Plaintiff explains that "the parole officer said I could not go there because drugs were sold in that area, and it smelled like urine." (<u>Id.</u>) Plaintiff asserts that "[t]he month before that, the Giltinan Center took two inmates, Tim Rogers and William Carter." (<u>Id.</u>) Plaintiff claims that he was "not charged with drug use" and has "never used illegal drugs in my life." (<u>Id.</u>, p. 2.) Plaintiff complains that "this place they have me housed has men who piss in the floor also." (<u>Id.</u>)

By letter dated October 16, 2009, the Clerk of the Court forwarded Plaintiff pertinent forms and requested that he "complete them, sign them, and return them to this office within 10 days from

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the date of this letter." (Document No. 3.)

On October 26, 2009, Plaintiff filed his Motion to Proceed Without Prepayment of Fees or Cost (Document No. 4.) and his Amended Complaint (Document No. 5.). In his Amended Complaint, Plaintiff names the following as Defendants: (1) Stevens Correctional Center; and (2) the West Virginia Parole Board. (Document No. 5, p. 4.) Plaintiff alleges that Defendants are violating his right to Equal Protection by refusing to release him on parole with "the Giltinan Center as a home plan." (Id., pp. 4 - 5.) Specifically, Plaintiff states as follows:

> I used the Giltnan Center as a home plan. The Giltnan Center accepted me. The Parole Services accepted two other inmates at this home, Tim Rogers and William Carter. Now that it is my turn, the Parole Services said I can not go to the Giltnan Center because drugs are sold in that area and they smell urine. I have never used illegal drugs in my life (64 years old). My charges have nothing to do with drugs. This place they have me housed has men who piss in the floor. I can smell urine here.

(Id.) Plaintiff requests monetary and injunctive relief. (Id., pp. 5 - 6.) On December 15, 2009, Plaintiff paid his $350.00 filing fee. (Document No. 8.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic

or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

**1.     Improper Parties:**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Plaintiff names Stevens Correctional Center and the West Virginia Parole Board as Defendants. Section 1983 claims, however, must be directed at a "person." See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); also see Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United

States Constitution); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment). Accordingly, the undersigned finds that the above named Defendants must be dismissed because they are not "persons" as required by Section 1983. Notwithstanding the foregoing, the undersigned will briefly consider the merits of Plaintiff's claim.

**2.     No Violation of Equal Protection.**

Plaintiff alleges that Defendants discriminated against him by refusing to release him on parole with a "home plan with the Giltinan Center in Charleston, West Virginia." (Document Nos. 1 and 5.) The relevant equal protection cases provide a basic three-step analysis to determine whether an inmate's right to equal protection has been violated. First, the inmate must produce evidence to show that he was treated differently than other similarly situated inmates. See Durso v. Rowe, 579 F.2d 1365, 1371 (7th Cir. 1978). Second, the inmate must show that he was intentionally singled out for harsher treatment. See Brandon v. District of Columbia Bd. of Parole (I), 734 F.2d 56, 60 (D.C. Cir. 1984); Stringer v. Rowe, 616 F.2d 993, 998 (7th Cir. 1980). Third, if the inmate was purposefully singled out, the analysis can take one of two paths. The first path is taken if the inmate can show that the prison's motivation in effecting its differential treatment implicates a suspect classification or a fundamental right. If this is established, the Court must strictly scrutinize the prison's actions. See O'Bar v. Pinion, 953 F.2d 74, 81-82. The prison must show that the classification is narrowly tailored to a compelling governmental interest. Id. If the prison's reason for the differential treatment does not implicate a suspect class or a fundamental right, the analysis takes the second path. See Brandon (I), 734 F.2d at 60, Brandon v. District of Columbia Bd. of Parole (II), 823 F.2d 644, 650 (D.C. Cir. 1987). On this path, the differential treatment is subject only to rational basis review. See O'Bar, 953

F.2d at 81-82. A rational basis review requires that the government's decision to treat similarly situated individuals differently bear some rational relationship to a legitimate State purpose. See id. at 81; Brandon (I), 734 F.2d at 60; Brandon (II), 823 F.2d at 650.

The undersigned finds that Plaintiff fails to allege that he was treated differently than another similarly-situated inmate. Although Plaintiff contends that two other inmates were released on parole to the Giltinan Center a month prior to his request, Plaintiff fails to explain how he was similarly situated to the other two inmates. Additionally, Plaintiff acknowledges that Defendants explained that his placement at the Giltinan Center was being denied because it was located in a drug area. Plaintiff does not allege that Defendants placed the other two inmates in the Giltinan Center knowing it was located in a drug area. Further, Plaintiff has not shown that he was singled out for harsher treatment. Finally, Plaintiff has not alleged that the decision to deny him release to the Giltinan Center was based on any suspect classification. Accordingly, the undersigned finds that Plaintiff has failed to state a claim for denial of equal protection of the law.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as moot** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 4.), **DISMISS** Plaintiff's Complaints (Document Nos. 1 and 5.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 17, 2012.

R. Clarke VanDervort
United States Magistrate Judge